# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

PATRICK SCANLON, *et al.*,

               *Petitioners*,

     v.

VERALEO, LLC,

               *Respondent*.

Civil Action No. 25‑3915 (SLS)

Judge Sparkle L. Sooknanan

## <u>ORDER</u>

In response to Patrick Scanlon and John Colan's Petition to Confirm Arbitration Awards (Pet.), ECF No. 1, VerAleo LLC moved to dismiss, ECF No. 5. That motion is now fully briefed and ripe for review. *See* Opp'n, ECF No. 6; Reply, ECF No. 8.

The Petition avers that in October 2025, an arbitrator issued an award in favor of the Petitioners for $1,211,517.50. Pet. ¶ 5. VerAleo argues that this award may not be confirmed because the arbitration clause in the Parties' contracts does not contemplate judicial confirmation of the arbitral award. Mot. Dismiss 1–2. The arbitration clause states:

> **(4) Dispute Resolution**
> The Parties hereby irrevocable [sic] waive, to the fullest extent permitted by law, all rights to a trial by jury, in any action, proceedings, or counterclaims involving disputes of fact or law relating to this Agreement (each a "Dispute"). The Parties agree to resolve any Dispute to the extent possible by a half-day or full-day mediation before a certified mediator with the mediation fees to be borne equally by the Parties. In the event that such dispute cannot be resolved by such mediation, the Parties each irrevocably and unconditionally submit and consent to personal jurisdiction exclusively in the American Arbitration Association in the District of Columbia, for the resolution of any matter arising out of or associated with this Agreement, including but not limited to any action seeking to enforce any provision of this Agreement. The arbitration filing fees shall be paid up front according to the American Arbitration Association rules then in effect and the fees and expenses of the arbitrator, along with reasonable attorneys fees of the other Party shall be borne by the Party against whom the binding arbitrator rules.

ECF No. 1-1, at 4 (Scanlon Agreement); ECF No. 1-1, at 13 (Colan Agreement).

Under the Federal Arbitration Act (FAA), if parties to an arbitration agreement "have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration . . . then at any time within one year after the award is made any party to the arbitration may apply to the court . . . for an order confirming the award." 9 U.S.C. § 9. This provision is one "substantiating a national policy favoring arbitration with just the limited review needed to maintain arbitration's essential virtue of resolving disputes straightaway." *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 588 (2008). Under Section 9, this Court generally must confirm an arbitral award if four conditions are met: "(1) the parties' agreement provides that a court judgment shall be entered following an arbitration award; (2) the petition is filed either in the court specified in the parties' agreement or, if no court is specified, in the district within which the arbitration award was made; (3) the petition is filed within one year of the arbitration award; (4) notice is served on the adverse party to establish the court's jurisdiction." *U.S. Eng'g Co. v. United Sheet Metal, Inc.*, No. 17-cv-2004, 2019 WL 2373130, at *2 (D.D.C. 2019).

According to VerAleo, the arbitration clause at issue here flunks the first requirement—it does not provide that a Court shall enter a judgment upon the arbitral award. Mot. Dismiss 1–2. The Court disagrees. Courts have recognized various "ways of expressing agreement to binding arbitration and judicial confirmation of arbitral awards." *Idea Nuova, Inc. v. GM Licensing Grp., Inc.*, 617 F.3d 177, 180 (2d Cir. 2010). Among those "is a contract provision providing for arbitration to be conducted pursuant to [American Arbitration Association (AAA)] rules." *Id.* at 181; *see also* Rule 54(c), Com. Arb. Rules & Mediation Procs., Am. Arb. Ass'n (Sept. 1, 2022), https://www.adr.org/media/qielmf0g/2025_commercialrules_web.pdf     [perma.cc/YP23-L9VU] ("Parties to an arbitration under these Rules shall be deemed to have consented that judgment upon

the arbitration award may be entered in any federal or state court having jurisdiction thereof."). VerAleo argues that although it agreed to submit to jurisdiction before the AAA, the agreements did "not incorporate the AAA rules in their entirety and are simply not enough for the Court to infer that the parties agreed to confirmation of the award." Reply 3.

"The argument is disingenuous. AAA arbitration is arbitration conducted according to AAA rules." *Idea Nuova*, 617 F.3d at 181; *see also Int'l Bhd. of Elec. Workers, Local Union 824 v. Verizon Fla., LLC*, 803 F.3d 1241, 1248 (11th Cir. 2015) (recognizing that an AAA rule "was incorporated into the CBA by virtue of the parties' agreement to submit to AAA arbitration"). And AAA rules provide that "[t]he parties shall be deemed to have made these Rules a part of their arbitration agreement whenever they have provided for arbitration . . . by the AAA of a domestic commercial dispute without specifying particular rules." Rule 1(a), Com. Arb. Rules & Mediation Procs. This Court agrees with the Second Circuit that "when, as here, parties expressly agree to submit their commercial disputes to AAA arbitration for resolution, such language is reasonably understood, without more, to agree to arbitration pursuant to AAA rules and to the incorporation of those rules into the parties' agreement." *Idea Nuova*, 617 F.3d at 182 (cleaned up).

Here, the arbitration clause states that "the Parties each irrevocably and unconditionally submit and consent to personal jurisdiction exclusively in the American Arbitration Association in the District of Columbia, for the resolution of any matter arising out of or associated with this Agreement." ECF No. 1-1, at 4 (Scanlon Agreement); ECF No. 1-1, at 13 (Colan Agreement). The Court concludes that this provision is reasonably understood to contemplate incorporation of AAA rules to govern the arbitration, including permitting judicial confirmation of any award. The Court strongly suspects that had VerAleo initiated an arbitration against the Petitioners and prevailed, its

position would be that the award is confirmable. Although VerAleo may be unhappy that it lost in arbitration, that is not a reason for a different result.

For the foregoing reasons, the Court **DENIES** VerAleo's Motion to Dismiss, ECF No. 5. It is further

**ORDERED** that the Petitioners' Motion to Supplement the Record, ECF No. 9, is DENIED as moot. It is further

**ORDERED** that VerAleo shall file any response to the Petition and any motion to vacate the award by February 17, 2026. The Petitioners shall file any opposition to any motion to vacate filed by VerAleo by March 3, 2026. VerAleo shall file any reply by March 10, 2026.

**SO ORDERED.**

_____
SPARKLE L. SOOKNANAN
United States District Judge

Date:   February 2, 2026